YARBROUGH *v.* MAXWELL, WARDEN.

[Cite as Yarbrough v. Maxwell, Warden, 1 Ohio St. 2d 91.]

(No. 39169—Decided February 10, 1965.)

92

Mr. *Charles L. Yarbrough*, in propria persona.
Mr. *William B. Saxbe*, attorney general, and Mr. *William C. Baird*, for respondent.

*Per Curiam.* Petitioner bases his right to release on the denial of counsel.

According to petitioner's story, he was taken into court on May 31, with only the judge, the prosecuting attorney and another prisoner present. He requested the court to appoint counsel, and this request was denied. He requested also a jury trial, and the judge told him that it was too late for that. Petitioner contends that he did not plead guilty, but that the prosecuting attorney pleaded him guilty. There is no transcript of the proceeding at this hearing. The petitioner introduced into evidence two letters from the clerk of courts of Butler County which show that no jury waiver was filed, that no waiver of counsel was filed, that no counsel was appointed to represent petitioner, and that he had not retained counsel. To this extent, petitioner's argument is substantiated. At this late date the trial judge being deceased and no record having been taken of the proceedings, respondent was unable to offer any evidence to controvert the allegations of petitioner.

We have only petitioner's own statement that he requested and was denied counsel. However, it is clear from the court's own records that he did not sign a written waiver of counsel nor was counsel appointed to represent him. Unlike the situation in *Conlan* v. *Haskins, Supt.*, 177 Ohio St 65, the journal does not specify that petitioner was informed of his constitutional rights. Thus, under the doctrine enunciated in *Carnley* v. *Cochran, Dir.*, 369 U. S. 506, and *Gideon* v. *Wainwright, Dir.*, 372 U. S. 335, petitioner is entitled to release.

*Petitioner released from custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.