GRAVES *v.* MAXWELL, WARDEN.

[Cite as Graves v. Maxwell, Warden, 1 Ohio St. 2d 133.]

(No. 39153—Decided March 10, 1965.)

*Mr. Fred Graves, Jr., in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner, in this action, contends that his conviction was invalid because he was not represented by counsel. The record belies petitioner's contention. The waiver of prosecution by indictment recites that petitioner was represented by counsel and both waivers contain the signature of an attorney as attorney for defendant. Petitioner claims that he never saw this attorney. However, after the state presented evidence that he not only saw such attorney but that the attorney was present in court and explained to him the information procedure, the penalty for armed robbery and the fact that due to his prior record, which consisted of several prior felony convictions, petitioner could not hope for probation, petitioner then remembered talking to the attorney but claimed that he did not know that the attorney was representing him. There is no substance to petitioner's claim of lack of representation by counsel.

Next, petitioner contends that he was coerced into a confession. However, inasmuch as petitioner pleaded guilty, even

134

if such confession existed it was not introduced into evidence and did not affect the validity of his subsequent plea of guilty. *Caldwell* v. *Haskins, Supt.*, 176 Ohio St. 261.

Finally, petitioner urges that he was promised probation if he would plead guilty. The evidence introduced by the state showed that petitioner's attorney told him that he had no chance of probation. Even without such advice, however, it is inconceivable that petitioner, in view of his prior felony record, could believe there was any possibility of probation. The argument that a plea was induced by promises of probation can be urged on appeal, not in a habeas corpus proceeding. *Click* v. *Eckle, Supt.*, 174 Ohio St. 88; and *Kennedy* v. *Maxwell, Warden,* 176 Ohio St. 215.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.