SEYMOUR *v.* MAXWELL, WARDEN.

[Cite as Seymour v. Maxwell, Warden, 3 Ohio St. 2d 25.]

(No. 39265—Decided June 30, 1965.)

*Mr. James Seymour, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner contends that his conviction is invalid because the court did not inform him of his statutory right to counsel (Sections 2941.50-52 inclusive, Revised Code) and he did not waive counsel.

To refute petitioner's contention respondent introduced into evidence an affidavit of the trial judge wherein he stated that he remembered the case, that petitioner had informed him that he understood the charge and wanted to plead guilty, and that having assured himself of petitoner's guilt he accepted the plea. The affidavit states: ''Seymour did not request counsel and was not denied counsel.''

In order to show waiver of the right to counsel the state must ordinarily prove (1) the accused was informed that he had a right to counsel at state expense, and (2) the accused intelligently and understandingly rejected that right. *Carnley v. Cochran, Dir.,* 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884; *Doughty v. Maxwell, Warden,* 376 U. S. 202, 11 L. Ed. 2d 650, 84 S. Ct. 702.

It is necessary to inform the accused of that right to counsel only because he could not intelligently and understandingly

reject a right which he did not know about. However, if the accused already does know about that right to counsel, it is obvious that he can intelligently and understandingly reject that right, even if he is not informed of that right in the particular case in which he is claimed to have waived it. Where he is already informed of a right, he cannot be prejudiced by an erroneous failure to inform him again of that right.

In 1960, while represented by court-appointed counsel, petitioner pleaded guilty to charges of breaking and entering and grand larceny. Since petitioner had the assistance of court-appointed counsel at state expense in 1960, we believe it is reasonable to infer that he knew of his right to have such counsel appointed for him in 1964.

Section 2945.83, Revised Code, provides, so far as pertinent:

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"* * *

"(E) Any * * * cause unless it appears affirmatively from the record that the accused was prejudiced thereby * * *."

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.

O'NEILL, J., dissenting. I dissent on authority of *Doughty v. Maxwell, Warden,* 376 U. S. 202, 11 L. Ed. 2d 650, 84 S. Ct. 702; *Gideon v. Wainwright, Dir.,* 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792; and *Carnley v. Cochran, Dir.,* 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884. See my dissenting opinions in *Conlan v. Haskins, Supt.,* 177 Ohio St. 65, 68, and *Madison v. Maxwell, Warden,* 177 Ohio St. 84, 88, and my concurring opinion in *Gates v. Haskins, Supt.,* 3 Ohio St. 2d 27.