GATES *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION.

[Cite as Gates v. Haskins, Supt., 3 Ohio St. 2d 27.]

(No. 39273—Decided June 30, 1965.)

Mr. Jacob S. Gates, in propria persona.

Mr. William B. Saxbe, attorney general, and Mr. William C. Baird, for respondent.

*Per Curiam.* Petitioner contends for the first time, twelve years after his conviction, that he was not informed of his right to counsel, that he was not offered counsel, and that he did not waive counsel.

In view of this long delay and petitioner's extensive criminal record, we would ordinarily have considerable difficulty in permitting petitioner's uncorroborated testimony to outweigh the reasonable inferences that we could draw, as we did in *Conlan* v. *Haskins, Supt.* (1964), 177 Ohio St. 65, 202 N. E. 2d 419, (1) that the trial judge probably performed his statutory duty to inform petitioner of his right to counsel at state expense and (2) that petitioner thereafter waived his right to such counsel.

However, unlike the *Conlan case*, the trial judge in the instant case was available. Hence, we believed that he should be contacted. The trial judge was unable to remember any details of this case. We recognize that it would be unreasonable to expect him to do so. But see *Troxell* v. *Maxwell, Warden* (1964), 177 Ohio St. 8. However, we do not believe it unreasonable to expect

the trial judge to state that he had, if he did have, a practice to fully advise a defendant of his statutory right to counsel before he pleaded guilty. *Madison* v. *Maxwell, Warden* (1964), 177 Ohio St. 84. Since the trial judge in the instant case was unable to state that he had any such practice, we are of the opinion that the petitioner should be remanded to the Common Pleas Court for further proceedings according to law.

*Petitioner released from custody of respondent.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, SCHNEIDER and BROWN, JJ., concur.

O'NEILL, J., concurring. The law applicable to this case is stated in *Doughty* v. *Maxwell, Warden* (1964), 376 U. S. 202; *Gideon* v. *Wainwright* (1963), 372 U. S. 335; *Carnley* v. *Cochran* (1962), 369 U. S. 506; *Ross* v. *Haskins* (1965), 2 Ohio St. 2d 145; *State* v. *Green* (1965), 1 Ohio St. 2d 102; *Yarbrough* v. *Maxwell* (1965), 1 Ohio St. 2d 91; *Johnson* v. *Maxwell* (1964), 177 Ohio St. 72. And see *Madison* v. *Maxwell* (1964), 177 Ohio St. 84, 88 [dissenting opinion]; *Conlan* v. *Haskins* (1964), 177 Ohio St. 65, 68, 71 [dissenting opinion].

In the hearing in the instant case, which was held upon the allegations in the petition for habeas corpus, the Assistant Attorney General who represented the respondent asserted that *there is nothing in the court records or in the prosecuting attorney's records which would refute petitioner's contentions. The respondent did not offer any evidence to controvert the allegations in the petition.*

The reasoning of the court in the instant case is not within the spirit of the pronouncements of law by the United States Supreme Court and is not consistent in reasoning with several of its own decisions. The principle of law to be gained from the United States Supreme Court decisions in this area is that there can be no presumption of offer of counsel or waiver of the right to counsel in the face of a silent record. Yet this court continues so to presume, and in this case attempts to lend strength to the general presumption, by denying it *only in cases where there is affirmative evidence that it does not exist.*

This court contacted the judge who presided over the trial

of petitioner, and requested evidence with respect to the practice of the Court of Common Pleas of Stark County in informing persons accused of crime of their right to counsel. In response to that request, the court received a letter signed by that judge, and another judge who was the prosecuting attorney in the petitioner's trial.

The letter stated in part:

" * * * neither myself nor Judge Rossetti [the prosecutor in the trial] have any independent recollection concerning the arraignment, plea and sentence of this subject, nor could we state with any certainty or definiteness as to any standard procedure followed in this matter."

In the case of *Seymour* v. *Maxwell*, 3 Ohio St. 2d 25, the court asked for evidence relative to the practice of the Franklin County Common Pleas Court with regard to informing an accused of his right to counsel. The affidavit sent by the judge who presided at Seymour's trial stated in part:

"7. Seymour did not request counsel and was not denied counsel."

It is not stated in that affidavit that the Franklin County Common Pleas Court had a uniform practice of informing those accused of crime of their right to the assistance of counsel, nor is it stated that the accused was offered counsel, and waived his right thereto.

In the case of *Ross* v. *Haskins, supra*, the trial judge appeared as a witness at petitioner's hearing and corroborated petitioner's contention that he had not been offered counsel, was not told of his right to counsel, and did not waive counsel. In that case, petitioner was released from custody.

The presumption which this court has indulged in the past has been rebutted by the trial judge in three instances. Thus it would seem that such presumption is merely a convenient fiction designed to avoid the clear mandate of the United States Supreme Court in *Doughty* v. *Maxwell, supra*; *Gideon* v. *Wainright, supra*; and *Carnley* v. *Cochran, supra*.

For the foregoing reasons, I concur in the judgment of the court, but not in the reasoning thereof.

HERBERT, J., concurs in the foregoing concurring opinion.