DOWD *v.* MAXWELL, WARDEN.

[Cite as Dowd v. Maxwell, Warden, 3 Ohio St. 2d 117.]

(No. 39354—Decided July 14, 1965.)

*Mr. Eugene Dowd, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* It is petitioner's contention in this case that he was arrested and held five days until he confessed. He was then taken before a magistrate, at which time he pleaded guilty. Subsequently, the indictment was returned, and he pleaded guilty to this charge without counsel. He contends that the court did not advise him of his right to counsel or offer him counsel, and that he did not waive counsel. Petitioner introduced into evidence a letter from the clerk of courts that there is no written waiver of counsel in the files in relation to petitioner.

The trial judge being deceased, respondent introduced into evidence a copy of the judge's bench calendar for the September term of 1954. This calendar reads as follows:

"Dec. 18, 1954: Deft. in court. Rights explained.

"Plead guilty. Ref. to Prob. Dept. Remanded."

Thus, we have a statement in the judge's handwriting, made

in the ordinary course of performance of his judicial duties, that he explained to petitioner his rights. This statement is much broader than that involved in *Conlan* v. *Haskins, Supt.*, 177 Ohio St. 65, in which it was stated in the journal that petitioner's constitutional rights were explained. "Rights explained" would certainly include statutory as well as constitutional rights and an indigent accused in Ohio has had the statutory right to the appointment of counsel at state expense for over 100 years.

In opposition to the evidence of the state, we have the uncorroborated statement of the petitioner made 11 years after the event occurred.

In weighing testimony a court necessarily must take into consideration the credibility of witnesses. In determining credibility the court may take into consideration the criminal record of a witness. Section 2945.42, Revised Code. The court may take into consideration also the time which has elapsed since the happening of the event to which the testimony is related inasmuch as time may well affect the accuracy of memory. Likewise, failure to raise a claim, for many years and until after the death of those who could have testified as to facts bearing on validity of the claim, may raise reasonable doubts as to the credibility of the one asserting the claim.

In the instant case, even ignoring the extensive juvenile record of the petitioner which included the commission of felonies, petitioner has a conviction for breaking and entering in the day season while on parole from his present conviction. Also petitioner is testifying to events which occurred 11 years ago.

On the evidence before us, we find that the trial judge performed his statutory duty to inform petitioner of his right to counsel at state expense and that petitioner thereafter waived his right to such counsel.

This case is completely dissimilar to the situation presented in *Gates* v. *Haskins, Supt.*, 3 Ohio St. 2d 27, in which there was no evidence that petitioner's right to an attorney was explained to him and the trial judge could not state that he followed a definite procedure in criminal cases in explaining to the accused his right to counsel.

So far as petitioner's claim of illegal detention and coerced confession is concerned, petitioner pleaded guilty, and the confession was not used against him. The mere fact that it may have existed does not affect the validity of petitioner's present detention. *Caldwell* v. *Haskins, Supt.*, 176 Ohio St. 261; and *Graves* v. *Maxwell, Warden*, 1 Ohio St. 2d 133.

Petitioner has failed to substantiate his contentions.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.

O'NEILL, J., dissenting. I dissent from the judgment of the majority of the court on the authority of *Doughty* v. *Maxwell, Warden* (1964), 11 L. Ed. 2d 650; *Gideon* v. *Wainwright, Dir.* (1963), 372 U. S. 335; *Carnley* v. *Cochran, Dir.* (1962), 369 U. S. 506. See, also, *Ross* v. *Haskins, Supt.* (1965), 2 Ohio St. 2d 145; *State* v. *Green* (1965), 1 Ohio St. 2d 102; *Yarbrough* v. *Maxwell, Warden* (1965), 1 Ohio St. 2d 91; *Madison* v. *Maxwell, Warden* (1964), 177 Ohio St. 84, 88 (dissenting opinion); *Johnson* v. *Maxwell, Warden* (1964), 177 Ohio St. 72; *Conlan* v. *Haskins, Supt.* (1964), 177 Ohio St. 65, 68 (dissenting opinion).

The majority in the instant case predicates its judgment upon a written notation in the trial judge's bench calendar that the petitioner's "rights" were explained to him, and under the reasoning of the majority this includes explanation of his statutory right to counsel, thus creating a distinction between this case and *Conlan* v. *Haskins, Supt., supra.*

It is difficult to see how this case differs from *Conlan*, as the majority claims, since the court there based its decision in part upon the long standing duty of the trial judge to inform the accused of his right to counsel. The majority made no distinction between constitutional and statutory rights, stating at page 65:

"* * * The journal does not specify the constitutional rights about which he was informed, but they would clearly include rights arising both under those provisions of the Constitution of Ohio and the statutes enacted to implement them which provide for appointment of counsel for an indigent accused."

The vague notation on the calendar "rights explained" makes no mention of what rights were explained, how they were explained, or that there was any waiver of those rights, and is too indefinite to overcome petitioner's positive statement that his right to counsel was not explained to him. Further, there is no evidence of any kind which would tend to show that petitioner intelligently and understandingly waived his right to counsel, as required by *Carnley* v. *Cochran, Dir., supra.*

Since respondent has failed to substantiate his claim that petitioner was informed of his right to counsel and waived that right, petitioner is entitled to be released from custody.