AHLBIN v. MAXWELL, WARDEN.

[Cite as Ahlbin v. Maxwell, Warden, 3 Ohio St. 2d 120.]

(No. 39422—Decided July 14, 1965.)

*Mr. John Ahlbin, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner contends that his conviction was void, that his subsequent detention was illegal on the basis that the trial court failed to advise him of his

right to counsel and did not offer him counsel, and that he did not waive counsel.

In support of his contention, petitioner points to the record which is silent in this respect and to certain letters which indicate that no waiver of jury trial or waiver of counsel appears in the records.

To controvert petitioner's contention, respondent introduced into evidence the affidavit of the trial judge, which reads in part as follows:

"That while he has no independent recollection of what transpired at the time of the arraignment, at which time he [defendant] pleaded guilty, it has always been his practice to determine proper service of the indictment, proper time of service, whether the defendant had counsel or wanted one appointed for him, whether he understood the matters set out in the indictment and how he would plead."

The evidence shows that petitioner, prior to his 1944 conviction, had served one felony sentence and, while on parole from the 1944 conviction, had served felony sentences in Texas and Montana. There is also evidence that while on parole he was arrested for other felonies for which he was not prosecuted but which were used as a basis for declaring him a parole violator. See *Dowd* v. *Maxwell, Warden*, 3 Ohio St. 2d 117.

Thus, we have the uncorroborated statement of an individual with an extensive criminal record made 20 years after the event occurred that he was not informed of his right to counsel balanced against the present statement of the trial judge that he followed a set procedure on arraignment and that a part of such procedure consisted of informing the accused of his right to counsel.

On the evidence presented in this case, we find that the trial judge complied with his statutory duty and informed petitioner of his right to have counsel appointed to act for him at the expense of the state and that petitioner chose to waive such right to counsel. See *Dowd* v. *Maxwell, Warden, supra.*

This case is completely unlike the cases of *Johnson* v. *Maxwell, Warden*, 177 Ohio St. 72, where the transcript of the proceedings showed definitely that the petitioner had not been informed of his right to counsel, *Yarbrough* v. *Maxwell, Warden*,

1 Ohio St. 2d 91, where the trial judge was deceased and the record was entirely silent in relation to the explanation of petitioner's right to counsel, *Ross* v. *Haskins, Supt.*, 2 Ohio St. 2d 145, in which the trial judge testified that he did not explain the right to counsel to the petitioner, or *Gates* v. *Haskins, Supt.*, 3 Ohio St. 2d 27, where there was no evidence that petitioner's rights were explained and the trial judge could not state that he followed any definite procedure in explaining the right to counsel to the accused.

Petitioner has failed to substantiate his contentions.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.

O'NEILL, J., dissenting. I dissent from the judgment of the majority of the court on the authority of *Doughty* v. *Maxwell, Warden* (1964), 11 L. Ed. 2d 650; *Gideon* v. *Wainwright, Dir.* (1963), 372 U. S. 335; *Carnley* v. *Cochran, Dir.* (1962), 369 U. S. 506. See also: *Ross* v. *Haskins, Supt.* (1965), 2 Ohio St. 2d 145; *State* v. *Green* (1965), 1 Ohio St. 2d 102; *Yarbrough* v. *Maxwell, Warden* (1965), 1 Ohio St. 2d 91; *Madison* v. *Maxwell, Warden* (1964), 177 Ohio St. 84, 88 (dissenting opinion); *Johnson* v. *Maxwell, Warden* (1964), 177 Ohio St. 72; *Conlan* v. *Haskins, Supt.* (1964), 177 Ohio St. 65, 68 (dissenting opinion).

The majority is correct in its statement that this case is unlike *Johnson* v. *Maxwell, Warden*, 177 Ohio St. 72; *Yarbrough* v. *Maxwell, Warden*, 1 Ohio St. 2d 91; *Ross* v. *Haskins, Supt.*, 2 Ohio St. 2d 145; and *Gates* v. *Haskins, Supt.*, 3 Ohio St. 2d 27.

In those cases the court had before it either affirmative showings that the accused had not been offered counsel, or an entirely silent record, with no statement by the trial judge. It is submitted, however, that in light of the decisions by the United States Supreme Court, this is a distinction without a difference.

In this case, the original record is silent on the question

whether the petitioner was offered counsel and intelligently and understandingly waived the right to the assistance of counsel. *Carnley* v. *Cochran, Dir., supra*, holds that it is impermissible to presume waiver from a silent record.

The record in this proceeding is likewise silent upon the point of intelligent and understanding waiver of the right to counsel.

Furthermore, it is questionable whether, in the face of an original record which is silent on the matter, a statement by the trial judge as to his "practice" satisfies the requirement in *Carnley* v. *Cochran, Dir., supra*, that the record affirmatively show that the accused was offered the assistance of counsel and intelligently and understandingly waived his right thereto.