LESTER *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION.

[Cite as Lester v. Haskins, Supt., 3 Ohio St. 2d 205.]

(No. 39475—Decided August 19, 1965.)

*Mr. Jack D. Lester, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In view of the aforementioned letter from the trial judge, we cannot reasonably infer, as we did in *Conlan* v. *Haskins, Supt.* (1964), 177 Ohio St. 65, 202 N. E. 2d 419, *Dowd* v. *Maxwell, Warden* (1965), 3 Ohio St. 2d 117, and *Ahlbin* v. *Maxwell, Warden* (1965), 3 Ohio St. 2d 120, (1) that the trial judge probably performed his statutory duty to inform peti-

tioner of his right to counsel at state expense and (2) that petitioner thereafter waived his right to such counsel. See *Gates v. Haskins, Supt.* (1965), 3 Ohio St. 2d 27. Also, unlike in *Seymour v. Maxwell, Warden* (1965), 3 Ohio St. 2d 25, there is no evidence that petitioner knew of his right to counsel at state expense. Hence, pursuant to the decision in *Carnley v. Cochran, Dir.* (1962), 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884, the judgment of conviction must be set aside. The petitioner is therefore released from custody of respondent and remanded to the Common Pleas Court for further proceedings according to law. See *Foran v. Maxwell, Warden* (1962), 173 Ohio St. 561, 184 N. E. 2d 398.

*Judgment accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and BROWN, JJ., concur.

O'NEILL and SCHNEIDER, JJ., concur in judgment only.

O'NEILL, J., concurring. I concur in the judgment in this case but not in the statements of the *per curiam* opinion.

The Constitution of the United States guarantees to indigent defendants in state felony cases the right to court-appointed counsel at state expense, *Gideon v. Wainwright, Dir.* (1963), 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733, and the law is that in an action in habeas corpus there can be no finding of a waiver of such right unless the trial records or the allegation and proof show affirmatively that the accused was offered counsel and understandingly and knowingly waived such counsel. No waiver may be presumed from a silent record. *Carnley v. Cochran, Dir.* (1962), 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884.

In *Conlan v. Haskins, Supt.*, 177 Ohio St. 65, the majority of this court created a presumption in an effort to avoid the effect of these clear pronouncements of law.

In *Conlan v. Haskins, Supt., supra*, the majority reasoned

that since Ohio has a statute which requires that an accused be informed "of his right to have counsel," and since the Ohio Constitution, Section 10, Article I, provides that an "accused shall be allowed to appear and defend in person and with counsel * * *," this court, when faced with a record silent on whether the right to counsel was explained to an accused and legally waived by him, will *presume* that such a right was explained to the accused and that he understood the right and knowingly waived it because the right has been provided for him by Ohio statute for a long time.

The majority stated that reasoning in *Conlan* v. *Haskins, Supt., supra,* at page 67, in the following language:

"* * * The uniform compliance of Ohio trial courts with these duties imposed upon them by our Ohio Constitution and statutes is so well known that it is a fact of which judicial notice may be taken."

By this language the majority asserted not only that this court would take judicial notice of the Ohio statute, but it also asserted that this court would take judicial notice that the trial court had complied with the requirements of the Constitution and the statute. This was the question to be decided by the court in that case. In this way the majority created a presumption from a silent record, which presumption determined the question before the court. This is a classic example of judicial reasoning which permitted the majority to lift itself by its own boot straps.

The majority of the court, however, was not certain that this presumption, standing unsupported by any evidence, was strong enough to satisfy the requirements of *Doughty* v. *Maxwell, Warden,* 376 U. S. 202, 11 L. Ed. 2d 650, 84 S. Ct. 702; *Gideon* v. *Wainwright, Dir., supra*; and *Carnley* v. *Cochran, Dir., supra.*

Therefore, beginning with *Madison* v. *Maxwell, Warden,* 177 Ohio St. 84, in an effort to establish a basis for this presumption, the judge, and frequently the prosecuting attorney, in each of these right-to-counsel cases was requested to appear and testify, make an affidavit, or write a letter to be intro-

duced as evidence, stating whether or not the rights of the accused had been explained to him and whether or not he had legally waived these rights.

In *Ross* v. *Haskins, Supt.*, 2 Ohio St. 2d 145, the trial judge appeared as a witness at the hearing. He testified that he *did not* tell the petitioner of his right to counsel and the petitioner *did not* waive that right. The judge testified specifically that if an accused pleaded guilty in an arraignment that he, the judge, did not inform him of his right to counsel. The judge stated that *only where a plea of not guilty was entered* did the judge explain the accused's constitutional right to counsel.

The broad presumption and sweeping conclusions made by the majority in *Conlan* v. *Haskins, supra*, were proved wrong. The majority had to follow the rule of *Carnley* v. *Cochran, Dir., supra*, in that case.

In *Seymour* v. *Maxwell, Warden* (1965), 3 Ohio St. 2d 25, the trial judge, upon request of the Attorney General, submitted an affidavit on the question of whether or not the petitioner was informed of his right to counsel and legally waived it. The trial judge did not state that he had informed the accused of his right to counsel, or that the accused had waived his right, or that the judge had a practice of informing those who were accused of their right to counsel when such accused entered a plea of guilty. The trial judge's affidavit, pertinent to this question, simply said:

"7. Seymour did not request counsel and was not denied counsel."

The majority in the *Seymour case*, attempting to preserve the presumption made in *Conlan* v. *Haskins, Supt., supra*, extended it and asserted that because the petitioner had the assistance of court-appointed counsel, at state expense, in another case in 1960, he would be *presumed* to have known about his right to counsel and would *be presumed to have waived that right*.

In *Gates* v. *Haskins, Supt.*, 3 Ohio St. 2d 27, the record was silent and the court asked the judge and the prosecutor in

the case [now a Common Pleas Judge], for information concerning whether or not the right to counsel was explained to the accused and he waived that right. The judge replied by letter stating, in part:

"* * * neither myself nor Judge Rossetti [the prosecutor in the case] have any independent recollection concerning the arraignment, plea and sentence of this subject, nor could we state with any certainty or definiteness as to any standard procedure followed in this matter."

There was no basis for the presumption made in *Conlan* v. *Haskins, supra*.

The majority felt compelled to follow the law of *Carnley* v. *Cochran, supra*. However, in the *per curiam* opinion the majority made a feeble effort to keep the presumption made in *Conlan* v. *Haskins, Supt., supra*, alive and available.

In the case now before this court, a letter addressed to the accused by the trial judge was introduced into evidence without objection. It reads in part as follows:

"At the time you were sentenced, *it was not the custom to appoint counsel for indigent defendants except upon request*, and so at the time of the entry of your plea, you were not represented by counsel.

"At the time of the entry of your plea, and the passage of sentence upon you, *it was not a custom of the courts in Trumbull County, nor as I believe elsewhere in the state*, to advise you of your rights to have counsel appointed and it may be presumed that you were not so advised." (Emphasis added.)

Again, the trial judge has confirmed that there is no basis for the presumption created in *Conlan* v. *Haskins, supra*.

The testimony of the trial judge in *Ross* v. *Haskins, supra*, destroyed the presumption asserted by the majority of the court in *Conlan* v. *Haskins, Supt., supra*. The affidavit of the trial judge in *Seymour* v. *Maxwell, supra*, and the letters of the trial judges in *Gates* v. *Haskins, supra*, and the instant case, submitted in evidence, established that there is no basis for that presumption.

The language of the *per curiam* opinion in the instant case, however, indicates that the majority is still grasping for some way to preserve this discredited position.

These attempts to continue this rationalization should cease. In the beginning it was only a convenient fiction, created by the court in an attempt to avoid the law as pronounced in *Carnley* v. *Cochran, supra.* The evidence submitted by five highly respected and experienced trial judges, residing in widely separated geographical areas of Ohio, serves to underscore the soundness and the wisdom of the rule asserted in *Carnley* v. *Cochran, supra,* that:

"* * * *Presuming waiver from a silent record is impermissible.* The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. *Anything less is not waiver.*" (Emphasis added.)

HERBERT, J., concurs in the foregoing concurring opinion.