MERRITT, APPELLEE, *v.* KOLOSKI, SUPT., OHIO STATE
REFORMATORY, APPELLANT.

[Cite as Merritt v. Koloski, Supt., 4 Ohio App. 2d 145.]

(No. 914—Decided October 29, 1965.)

*Mr. Donald J. Lett,* for appellee.
*Mr. William B. Saxbe,* attorney general, for appellant.

*Per Curiam.* This appeal on questions of law is from a
judgment granting a writ of habeas corpus. Petitioner pled
guilty upon arraignment to an indictment charging him with
first degree manslaughter.

Petitioner based his right to release upon his representa-
tions to the court that he had pled guilty without being in-
formed of his right to counsel; that he was not furnished coun-
sel; and that he did not intelligently and understandingly waive
counsel.

The petitioner testified at the habeas corpus hearing in
pertinent part as follows:

Question by the court: "Do you remember the judge tell-
ing you anything about your right to have a lawyer?," answered,
"I remember saying something about that, yes."

The court continued the hearing to allow a search for the
record of the proceedings on arraignment. At the continued
hearing, petitioner appeared with court-appointed counsel, who
then represented to the court, without objection, that petitioner
was nineteen years old at the time of his arraignment and that
his courtroom experience was then limited to one appearance
in Municipal Court.

The state then offered the record on arraignment. It was
received without objection. It shows as follows:

"The court at this time wishes to inform you and this ap-
plies to those who are out on bond as well as those in the cus-
tody of the sheriff, first, if you have any doubt as to the nature
of the charge you are entitled to have the clerk read the in-

dictment, if you have been unable to read it or understand it you are entitled to ask any questions you wish; you also are entitled to the advice of counsel at this time before arraignment if you feel that you need it or that you want it.

"Emery Merritt

"Q. Mr. Merritt did you receive of copy of the indictment? A. Yes.

"Q. Did you read it? A. Yes, sir.

"Q. Do you understand the nature of the charge? A. Yes.

"Q. You are charged with Manslaughter in the First Degree, how do you plead, guilty or not guilty? A. Guilty.

"Court: That is all, you may be seated."

The state then offered a statement made by petitioner to the prosecuting attorney prior to indictment and arraignment. It was received without objection. It said, in pertinent part: "Q. You have a right to an attorney here if you want one." "Are you satisfied to go ahead so that my secretary, Alice Meeting, can write down on the paper in shorthand notes what it was that you told us yesterday as to how the death of your dead wife came about?" A. "I am willing I will tell."

The sentencing journal entry does not state anything about the petitioner being advised as to any of his constitutional rights.

The state here contends that the petitioner was advised as to his right to counsel and that he waived counsel. Reversal and remand to custody is prayed.

The federal Constitution guarantees to indigent defendants in state felony cases the right to court-appointed counsel at state expense. *Gideon* v. *Wainwright, Dir.,* 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733.

Section 10, Article I of the Ohio Constitution, provides:

"* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel * * *."

Ohio has implemented the Constitution with statute. Section 2941.50, Revised Code, in pertinent part, reads:

"After a copy of an indictment has been served or opportunity had for receiving it, the accused shall be brought into court, and if he is without and unable to employ counsel, the court shall assign him counsel * * *."

As a corollary to *Gideon* v. *Wainwright, supra,* we have *Carnley* v. *Cochran, Dir.*, 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884, which sets forth the proposition of law that there is no waiver of right to counsel unless it is affirmatively shown that the "accused was offered the aid of counsel, but refused the offer, understanding the consequences of his act."

The record speaks affirmatively of what was said and all that was said. Petitioner was not represented by counsel, and the record precludes any presumption that petitioner's constitutional right to counsel at the state's expense, if indigent, was explained to him. It is sufficient to support a finding by the Common Pleas Court that the petitioner did not intelligently and understandingly waive his right to counsel and the judgment granting the writ.

We find no error.

*Judgment affirmed.*

RUTHERFORD, P. J., MCLAUGHLIN and VAN NOSTRAN, JJ., concur.