STATE *v.* TORPEY.

[Cite as State v. Torpey, 8 Ohio Misc. 65.]

(Nos. 5001 and 5882—Decided June 6, 1966.)

Common Pleas Court of Lake County.

*Mr. Barry M. Byron,* for the State.
*Mr. Sheldon R. Walker,* for petitioner.

SIMMONS, J.   In these cases the petitioner asks that a sentence imposed by this court on October 7, 1960, upon a plea of guilty, be vacated.   He claims that his constitutional rights were violated at that time because he was not advised of his right to the appointment of counsel at the state's expense.

At the hearing on his petition for post-conviction relief the petitioner testified that he was arraigned before the Honorable W. S. Slocum, then judge of this court, October 3, 1960, and that after some discussion with the court relative to a plea, a temporary plea of not guilty was entered for him.   This plea was journalized on October 4, 1960.

On October 7, 1960, petitioner claims he again appeared without counsel before Judge Slocum, changed his plea to

guilty and was sentenced. The journal of the court reflects the change of plea and sentence by entry of the same date.

Petitioner testified that Judge Slocum never told him, on either appearance, that he had the right to have counsel appointed, although he was indigent. He further claims he did not know he had this right at either time.

The only evidence presented by the State was the testimony of the Honorable John F. Clair, Jr., now a judge of this court, formerly Chief Assistant Prosecuting Attorney for Lake County during 1960. Judge Clair testified that he had no independent memory of either hearing, nor of the specific case. He said, however, that it was the unvarying practice of Judge Slocum to ask if an accused had counsel, whether the accused had funds to employ counsel and whether the accused wanted counsel. He testified that whenever the accused said he wanted counsel the judge would invariably appoint one. Judge Clair said that he could never remember a time when Judge Slocum denied counsel when it was requested.

The Sixth and Fourteenth Amendments to the federal Constitution guarantee an accused the assistance of counsel in a state criminal case. The record of such case must show, or there must be evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected it. Presuming a waiver of counsel from a silent record is impermissible. *Carnley* v. *Cochran*, 8 L. Ed. 2d 70.

The right about which an accused must be informed is the right to have counsel at the state's expense. *Conlan* v. *Haskins*, 177 Ohio St. 65; *Seymour* v. *Maxwell*, 3 Ohio St 2d 25.

The Ohio Supreme Court has, while perforce accepting the *Carnley* rule, construed it in such a fashion as to eliminate the need for an affirmative showing that the right was afforded, by either the record or evidence.

Thus, in *Conlan* the record statement that, "the accused was informed of his constitutional rights" raised a presumption that he was informed of his right to counsel at the state's expense. By way of dictum the court stated that it will take "judicial notice" that all accuseds in Ohio are properly informed as to this right, even in the absence of a record statement or evidence.

In the case of *Madison* v. *Maxwell*, 177 Ohio St. 84, the

court held that where evidence establishes an unvarying practice of the trial court to inform accuseds of their right to counsel, such evidence is sufficient to uphold the conviction in the face of the uncorroborated testimony of the accused.

Further, in the *Seymour case* the court said that even in the absence of a record statement that the right to counsel was explained, or evidence of an unvarying practice, the conviction will be upheld if the accused had the services of appointed counsel in the past. In such event, the court explained, knowledge of the right to appointed counsel may be inferred at the later proceeding and the trial court is relieved of the need to inform him concerning it.

By 1965, with the advent of the case of *Gates* v. *Haskins,* 3 Ohio St. 2d 27, the court came to realize that there was, in fact, no unvarying practice in all the trial courts of this state to inform all accuseds concerning their right to counsel. Thus, the "judicial notice" of such practice which the court had taken in the *Conlan case,* becomes a "reasonable inference" in *Gates.* It does appear, however, that the *Conlan* dictum has been abandoned because the court in the *Gates* decision did not even apply the "reasonable inference" rule, although here, too, the testimony of the accused was uncorroborated.

In *Gates* the Supreme Court does lay down a rule which is consistent with its prior rulings. This rule may be stated thusly:

"Where the record of the trial court does not affirmatively show that an accused was informed of his right to counsel at the state's expense and where no affirmative evidence is introduced establishing that the accused was so informed; and where the trial judge has no recollection of the proceeding and cannot state an unvarying practice of so informing the accused, the rights of the accused will be found to have been violated."

Applying this rule to the case before it, this court is unable to find that John Torpey was informed of his right to the appointment of counsel at the state's expense. He was, therefore, denied his right to the assistance of counsel in a critical phase of his case.

Merely asking an accused if he wants counsel is not nearly the same thing as telling him he has a right to have counsel appointed at the state's expense. Not denying counsel when

one is requested is not nearly the same thing as offering counsel and giving the accused the opportunity to decline the offer if he wishes.

Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request for the assistance of counsel. (Headnote No. 2, *Carnley* v. *Cochran supra.*) See *Doughty* v. *Maxwell*, 11 L. Ed. 2d 650, which reversed *Doughty* v. *Saks*, 175 Ohio St. 46.

In the case of *Merritt* v. *Koloski*, 4 Ohio App. 2d 145, the trial judge said this to the accused:

"You are entitled to the advice of counsel at this time before arraignment, if you feel that you need it or that you want it."

Prior to the hearing the prosecuting attorney told him:

"You have a right to have an attorney here if you want one."

These statements did not constitute an adequate explanation of the right to counsel in the opinion of the reviewing court.

Similarly the statements made to Torpey, accepting the inference from the state's testimony that the practice relative to counsel was followed on October 7, 1960; such statements did not constitute an adequate explanation of his right to the appointment of counsel at the state's expense.

The subject of assistance of counsel is not one as to which the Ohio Constitution and its statutes are silent. Unlike the matter of prosecutor comment on a failure of an accused to testify at trial, Ohio law does not run counter to an accused's guaranteed rights. The real efficacy of *Carnley*, therefore, is not to supply Ohio courts with new and unknown principles, but rather to remind them of existing ones.

Article I, Section 10 of the Ohio Constitution provides,

"* * * In any trial in any court the party accused shall be allowed to appear and defend in person *with counsel* * * *"

Supplementing this constitutional requirement, and anticipating *Gideon* v. *Wainwright* by eleven years, Section 2941.50, Revised Code, was enacted. This section imposes a mandatory duty upon the trial court to appoint counsel for an indigent accused.

"If he is without and unable to employ counsel, the court *shall* assign him counsel * * *."

The duty is simply stated in most unambiguous language. It is not conditioned upon a request for counsel by the accused, nor is it satisfied by an offer to make counsel available if the accused wants one. The clear purport of the legislative language is that, conditioned solely on indigency being established, counsel must be provided for every accused who has none.

The appointment need not be accepted. The right may still be waived. But accepting the mandate of this statute it seems clear to this court that, in Ohio, the lack of counsel for such an accused, at the time of entering a plea to a felony, is a violation of his right to have the assistance of counsel, unless it is shown by the record, or by evidence, that he intelligently and understandingly declined the appointment.

"Courts indulge every reasonable presumption against a waiver of a constitutional right and do not presume acquiescence in their loss." *Carnley* v. *Cochran, supra.*

This court finds that the judgment of October 7, 1960, should be vacated and the petitioner remanded here for further proceedings according to law.

*Judgments accordingly.*