STATE *v.* COULTER.

[Cite as State v. Coulter, 17 Ohio Misc. 55.]

(No. 38561—Decided November 20, 1968.)

Common Pleas Court of Franklin County.

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. David H. Bodiker,* for plaintiff.
*Mr. Richard S. Donahey,* for defendant.

GESSAMAN, J. This case is again before the court on the motion of the defendant "to vacate the judgment and sentence imposed by this court on October 5, 1960." The motion is filed under favor of Section 2953.21 *et seq.,* Revised Code.

Attached to the motion was the request that the court appoint counsel to represent the defendant at the hearing on the motion and his affidavit that he is unable to employ counsel. The writer appointed counsel as requested.

A hearing was had on the motion. Defendant was present, represented by counsel. Evidence was presented and briefs have been submitted to the court.

The claim of the defendant as urged to the court is that at the time of his plea of guilty, he was not represented by counsel and did not knowingly waive the right to have counsel present.

The defendant's indictment contains three counts: 1—Illegal procurement of a narcotic drug, 2—uttering a forged prescription, and 3—illegal possession of a narcotic drug. At his arraignment before the writer, he en-

tered a plea of guilty. He testified that his case was referred to the Probation Department but that he was later sentenced to the Ohio Penitentiary, the sentences on the three counts to run concurrently and fined $500 on each count.

It should be quite obvious that after a lapse of eight years with a very active trial docket of both criminal and civil cases in the meantime, the court could not be expected to remember what was said on any particular arraignment or subsequent disposition of a guilty plea. A record was not taken. The defendant testified that he was not told that he was entitled to have an attorney present, that he did not waive his right to have counsel present but that he wanted to plead guilty.

The evidence does show that shortly before the arraignment the defendant wrote to a Dr. Brooks and to the Prosecuting Attorney relative to his desire to go to the "Federal Narcotics Center, Lexington, Kentucky," as he called it, to "rid my mind for this craving for narcotics."

Regardless of what transpired and regardless of how sure we were that the defendant understood the nature of the charges, knew whether he was guilty or not guilty, and wanted to plead guilty, we are faced with the decisions of the Supreme Court of the United States in *Gideon* v. *Wainwright*, 372 U. S. 335, *Carnley* v. *Cochran*, 369 U. S. 506, and *Rice* v. *Olson*, 324 U. S. 786. Also the case of *Merritt* v. *Koloski*, 4 Ohio App. 2d 145 (147). The rules laid down in those cases we must follow. Therefore, the motion is sustained. The defendant will be returned to the county jail and his case set for trial.

It would appear to the average layman to be quite unfair to sustain the motion under consideration when we realize that, if convicted of any one of the charges in his indictment, the defendant would be subject to further incarceration—with the possibility that he might receive no credit for the time he has spent in the penitentiary from October 1960 to the present. Under the present state of the law, we have no choice but to sustain the motion. What transpires later on is not involved in this motion.

Motion sustained. The judgment and sentence heretofore entered will be vacated. An entry may be drawn accordingly.